IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| PLAINTIFF, | : |
| v. | : CIVIL NO. 08-700-JPG |
| REAL PROPERTY LOCATED AT 265 FALCON ROAD, CARBONDALE, WILLIAMSON COUNTY, ILLINOIS, AND ALL ATTACHMENTS, IMPROVEMENTS, AND APPURTENANCES THERETO, | : |
| DEFENDANT. | : |

**MEMORANDUM AND ORDER**

The Court hereby considers the Motion for Summary Judgment (Doc. 11) filed by the United States in this case. The motion seeks summary judgment on a claim filed by Marsha Grasher to real property located at 265 Falcon Road, Carbondale, Illinois, which is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7). Grasher has responded to the government's motion (Doc. 14), and the government has replied to her response (Doc. 18).

**I.    Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosed materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. If the moving party is defending the claim at trial, he need not

provide evidence affirmatively negating the plaintiff's claim. It is enough that he point to the absence of evidence to support an essential element of the plaintiff's claim for which she carries the burden of proof at trial *Celotex*, 477 U.S. at 322-23, 325. Where the defendant has pointed to a lack of evidence for one of the essential elements of a plaintiff's claim, if the plaintiff fails to provide evidence sufficient to establish that element, there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23.

## II.     Facts

Viewing all the evidence and drawing all reasonable inferences in Grasher's favor, the evidence establishes the following facts, for the purposes of this motion.

The property that is the subject of this forfeiture action consists of approximately 23 acres in Williamson County, Illinois, which served as a residence for William A. Patrich, the original owner of the property. The property is worth approximately $144,000.

On September 17, 2008, law enforcement officers, while performing a cannabis detection flight, discovered that the property served not only as Patrich's residence but as the site of a marihuana grow operation. Subsequent investigation indicated that Patrich was actively tending the marihuana patch and harvesting marihuana plants. Based on those activities, law enforcement officers obtained a search warrant on September 24, 2008. During the execution of the warrant on September 25, 2008, a gun fight broke out, and law enforcement officers shot and killed Patrich.

A search of the property revealed approximately 59 mature marihuana plants growing near Patrich's residence and approximately ten pounds of processed marihuana located in a semi-trailer on the property about 30 feet from the house. The inside of the semi-trailer was modified especially for growing, drying, and packaging marihuana.

On October 3, 2008, the United States filed the instant forfeiture complaint against the

subject property on the basis that it was used to facilitate a marihuana grow operation in violation of 21 U.S.C. § 881(a)(7). The United States further filed a *lis pendens* in Williamson County, Illinois, on October 6, 2008 referencing the forfeiture action. On October 7, 2008, Grasher opened a probate estate in Williamson County, Illinois. Grasher is Patrich's sister and only heir. She claims the property both individually and as the administrator of Patrich's estate. Grasher had no interest in the property prior to Patrich's death, and at the time Patrich died, Grasher did not know Patrich had used the property for illegal drug activity.

**III.  Analysis**

The United States argues that under the "relation-back" doctrine, which is codified in 21 U.S.C. § 881(h), all right, title, and interest in forfeited property vested in the United States upon commission of the act giving rise to the forfeiture and that the relevant act occurred, at the latest, on September 17, 2008, when law enforcement officers observed the marihuana grow operation on the premises. Thus, it argues, the property belonged to the United States at that time by virtue of the illegal drug activities conducted on the property. As a consequence, it was not part of Patrich's estate when he died and Grasher never acquired any ownership interest in the property as his heir. The United States also argues that Grasher is not entitled to rely on either of two "innocent owner" defenses, the first of which protects owners who owned property at the time the illegal conduct occurred on the property, 18 U.S.C. § 983(d)(2), and the second of which protects bona fide purchasers of property after illegal conduct occurred on the property, 18 U.S.C. § 983(d)(3)(A).

Grasher challenges the Court's jurisdiction to hear this dispute in light of the well-established rule that "a federal court has no jurisdiction to probate a will or administer an estate." *Markham v. Allen*, 326 U.S. 490, 494 (1946). Since the subject property is part of Patrich's estate, Grasher contends the Court has no jurisdiction to dispose of it. The United States counters

3

that since it began its proceedings before Grasher commenced the probate action, it has exclusive jurisdiction over the property in this case.

Grasher also argues that the forfeiture of property to which she is entitled violates the Eighth Amendment's prohibition of excessive fines. The United States concedes the forfeiture is subject to the Eighth Amendment but argues that it does not constitute an excessive fine.

A. <u>Relevant Statutes</u>

A review of the relevant statutes is helpful to the resolution of this matter. The Comprehensive Drug Abuse Prevention and Control Act provides that certain property related to illegal drug activities is subject to forfeiture:

> **(a) Subject property**
>
> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> * * *
>
> (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

21 U.S.C. § 881(a). The Act further provides:

> **(h) Vesting of title in United States**
>
> All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section.

28 U.S.C. § 881(h).

Federal civil forfeiture provisions, however, provide exceptions to forfeiture rules for property of two types of "innocent owners." 18 U.S.C. § 983(d)(1) ("An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute."). The first applies to those who

own property at the time of the illegal conduct:

> (2)(A) With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who –
>
>> (i) did not know of the conduct giving rise to forfeiture; or
>>
>> (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.

18 U.S.C. § 983(d)(2)(A). The second applies to those who acquire a property interest after the illegal conduct:

> (3)(A) With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term "innocent owner" means a person who, at the time that person acquired the interest in the property –
>
>> (i) was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and
>>
>> (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.

18 U.S.C. § 983(d)(3)(A). A person asserting he or she is an "innocent owner" has the burden of establishing by a preponderance of the evidence that one of the exceptions applies. 18 U.S.C. § 983(d)(1).

B.    Relation Back Doctrine

This case involves the relation back doctrine embodied in 21 U.S.C. § 881(h). In *United States v. 92 Buena Vista Avenue*, 507 U.S. 111 (1993), the Supreme Court interpreted 21 U.S.C. § 881(h), to mean not that title vests in the United States immediately upon the commission of illegal conduct but that a subsequent judicial decree of forfeiture will relate back such that, when the decree is entered, the title is deemed to have vested in the United States at the time of the illegal conduct. *92 Buena Vista Ave.*, 507 U.S. at 127 (plurality); *92 Buena Vista Ave.*, 507 U.S. at 132

5

(Scalia, J., concurring). Until the United States obtains a judicial decree of forfeiture, someone else owns the property and may invoke any defense available until the forfeiture decree is entered. *92 Buena Vista Ave.*, 507 U.S. at 127 (plurality).

In *92 Buena Vista Avenue*, a drug dealer had given his girlfriend proceeds of his drug trade, and she had purchased a house with the money. *Id.* at 114. The United States argued that, in accordance with its plain language, 21 U.S.C. § 881(h) had vested it with title to the proceeds of the drug trade immediately upon the illegal drug activity – and the house purchased with them immediately upon the purchase – such that the girlfriend was never an "owner" of the house able to assert the "innocent owner" defense, which was at that time contained in 21 U.S.C. § 881(a)(6).[1] *Id.* at 123-24.

In a plurality opinion, the Supreme Court rejected the United States' view of 21 U.S.C. § 881(h). It noted that such a view would effectively eliminate the innocent owner defense because no one could become an "owner" after the illegal conduct except the United States. *Id.* at 124. Instead, the Supreme Court determined that 21 U.S.C. § 881(h) codified the common law of forfeiture, which was not self-effectuating but required a subsequent judicial act to retroactively vest title in the United States as of the date of the illegal conduct giving rise to the forfeiture. *Id.* at 125-29. Thus, under the common law, before the subsequent judicial decree of forfeiture, "'someone else owns the property [and] may therefore invoke any defense available to the owner of the property before the forfeiture is decreed.'" *Id.* at 127. The plurality rested its interpretation of 21 U.S.C. § 881(h) on the statute's plain language, which speaks of vesting title only to property forfeitable under 21 U.S.C. § 881(a), and 21 U.S.C. § 881(a)(6) itself excluded from forfeitability

---

[1]After *92 Buena Vista Avenue* was decided, Congress removed the "innocent owner" defense from 21 U.S.C. § 881(6) and redrafted it into the two "innocent owner" exceptions now contained in 18 U.S.C. § 983(d).

6

property owned by "innocent owners." *Id.* at 128-29. Thus, it concluded, before title vests in the Unites States a claimant must be given an opportunity to prove he or she is an "innocent owner." *Id.* at 128.

Congress has since removed the "innocent owner" provision from 21 U.S.C. § 881(a)(6), redrafted two separate "innocent owner" provisions in 18 U.S.C. § 983(d)(2) and (3). It further provided in 18 U.S.C. § 983(d)(1), "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." Despite these changes in the statutory structure, the reasoning of *92 Buena Vista Avenue* remains persuasive. Although 21 U.S.C. § 881(h)'s cross reference to 21 U.S.C. § 881(a), upon which the *92 Buena Vista Avenue* plurality relied, no longer refers to the "innocent owner" provision of the old 21 U.S.C. § 881(a)(6), in enacting 18 U.S.C. § 983(d)(1) Congress clearly intended to provide innocent owners an opportunity to stake their claim to otherwise forfeitable property before the title vests. As explained in *92 Buena Vista Avenue*, this can only happen with retroactive vesting. Therefore, the Court will not construe 21 U.S.C. § 881(h) literally to vest title upon the moment of illegal conduct, as the United States urges in its motion. Furthermore, the United States concedes in its reply brief that the property should not automatically be forfeited without giving Grasher an opportunity to assert an innocent owner defense.

This conclusion leads to the question whether, after Patrich committed the acts which rendered the property subject to forfeiture but before the United States is able to obtain a decree of forfeiture (if it is so able), the property owned by Patrich that passed to his estate upon his death is subject to the jurisdiction of the probate court to the exclusion of the jurisdiction of this Court.

C.  Probate Exception to Federal Jurisdiction

Grasher argues the probate exception to federal jurisdiction prevents this Court from hearing this case. She contends that Patrich's ownership interest in the subject property (which under

7

*Buena Vista* is not yet vested in the United States) passed to the estate upon his death, is subject to the jurisdiction of a state probate court, and is not subject to the jurisdiction of this Court.

The probate exception to federal jurisdiction "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate [and] precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006). It does not, however, prevent a federal court from adjudicating "matters outside those confines and otherwise within federal jurisdiction." *Id.* at 312. The probate exception is a judicially created doctrine and is not found in the Constitution or any federal statute. *Id.* at 299.

The probate exception to federal jurisdiction does not apply in this case. The case at bar does not seek to probate or annul a will, to administer Patrich's estate or to dispose of property that is in the custody of the state probate court. On the contrary, it seeks to determine whether, under the Controlled Substances Act's civil forfeiture provisions, a parcel of property is forfeitable. It is true that a judgment of forfeiture may prevent the property from being part of the estate if the decree of forfeiture relates back to a time preceding Patrich's death, that is, if the illegal conduct rendering the property forfeitable occurred before his death. This does not, however, prevent this Court from adjudicating civil forfeiture matters clearly within its jurisdiction. That the relation back doctrine operates retroactively complicates the analysis, but it does not affect the Court's jurisdiction to determine the forfeitability of property that became subject to forfeiture before a decedent died and before his estate came into existence.

The Court now examines whether the United States is entitled to summary judgment on Grasher's claim to the property.

D.  Innocent Owner Defenses

Grasher claims she is an innocent owner of the property and that, consequently, the property cannot be forfeited under 18 U.S.C. § 983(d)(1).  It is unclear whether she claims to be an innocent owner in her capacity as the administrator of Patrich's estate or in her individual capacity as Patrich's sole heir, so the Court will examine both claims.  Grasher bears the ultimate burden of proving she is an innocent owner, *see id.*, although the United States still bears its burden of establishing it is entitled to summary judgment.

1.  Innocent Owner at Time of Illegal Conduct

As noted above, 18 U.S.C. § 983(d)(2)(A) provides,

(2)(A) With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who –

(i) did not know of the conduct giving rise to forfeiture; or

(ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.

The United States challenges Grasher's ability to prove she can satisfy the requirement of the innocent owner defense under 18 U.S.C. § 983(d)(2)(A).  In order to be an innocent owner under that provision the claimant must have had an interest in the property at the time of the illegal conduct.  There is no evidence Grasher, in her individual capacity, had an ownership interest in the property when marihuana was being grown on the property prior to Patrich's death.  This would be an element she would have the burden of ultimately proving, and she had not pointed to any evidence that there is a genuine issue regarding this fact.  Thus, she cannot be an innocent owner under 18 U.S.C. § 983(d)(2)(A).

As for Grasher in her capacity as administrator of Patrich's estate, her claim derives from

9

Patrich's. Therefore, she can only assert defenses available to him. *See Powell v. Cappetta (In re Estate of Cappetta)*, 733 N.E.2d 426, 434 (Ill. App. Ct. 2000) (stating "the administrator . . . stands in the shoes of the decedent and acquires the same interest in the decedent's property that the decedent had, but no more") (citing *University of Ill. YMCA v. Seeber (In re Estate of Ozier)*, 587 N.E.2d 77, 80 (Ill. App. Ct. 1992)); *United States v. 164 Pieces of Jewelry*, 785 F. Supp. 885, 889 (D. Or. 1991) (stating "the claim of the estate is purely derivative of any claim or defense of the deceased . . ., and the estate cannot raise defenses which might be available to individuals who stand to inherit from the estate"). Although Patrich clearly had an interest in the property at the time of the illegal conduct, the element Grasher in her individual capacity lacked, there is no evidence from which Grasher could establish Patrich "did not know of the conduct giving rise to the forfeiture" or that he "did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(2)(A)(i) & (ii). On the contrary, the evidence shows Patrich actively tended to the illegal marihuana grow operation and attempted to protect it from seizure by law enforcement officers. Thus, neither he nor his estate can benefit from the innocent owner exception of 18 U.S.C. § 983(d)(2)(A).

      2.      <u>Innocent Owner Acquiring Interest After Illegal Conduct</u>

The second innocent owner provision states,

(3)(A) With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term "innocent owner" means a person who, at the time that person acquired the interest in the property –

    (i) was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and

    (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.

18 U.S.C. § 983(d)(3)(A). Where the "bona fide purchaser for value" requirement is not met, the

claimant may still prevail if:

>    (i) the property is the primary residence of the claimant;
>
>    (ii) depriving the claimant of the property would deprive the claimant of the means to maintain reasonable shelter in the community for the claimant and all dependents residing with the claimant;
>
>    (iii) the property is not, and is not traceable to, the proceeds of any criminal offense; and
>
>    (iv) the claimant acquired his or her interest in the property through marriage, divorce, or legal separation, or the claimant was the spouse or legal dependent of a person whose death resulted in the transfer of the property to the claimant through inheritance or probate,

18 U.S.C. § 983(d)(3)(B).

The evidence shows that Grasher, in her individual capacity, acquired an interest in the property following Patrich's illegal conduct. However, there is no evidence she was a "bona fide purchaser . . . for value," 18 U.S.C. § 983(d)(3)(A)(i), or that any exceptions to this requirement are present, *see* 18 U.S.C. § (d)(3)(B). The property was not her primary residence, and she received her property interest as Patrich's heir without conveying any value for the property. Thus, she cannot be an innocent owner under 18 U.S.C. § 983(d)(3)(A).

In her capacity as the administrator of Patrich's estate, again, her claims are as good as Patrich's would have been before his death. Patrich did not acquire an interest in the property "after the conduct giving rise to the forfeiture had taken place," so neither he nor his estate is an innocent owner under 18 U.S.C. § 983(d)(3)(A).

For the foregoing reasons, Grasher is not an innocent owner in her individual capacity or in her capacity as the administrator of Patrich's estate.

E.  Eighth Amendment: Excessive Fine

Grasher further contends forfeiture of the property would amount to an excessive fine in

11

violation of the Eighth Amendment. Although she purports to make this argument on her own behalf, it is only a defense to the estate. This is because if the title to the property vests in the United States, by virtue of 21 U.S.C. § 881(h) and the relation back doctrine, it will vest retroactively to the time when Patrich had sole ownership of the property. Thus, the forfeiture will be imposed on him – or his estate, since he has died – not Grasher herself. Therefore, Grasher can only make an Eighth Amendment argument in her capacity as administrator of Patrich's estate.

The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Supreme Court has determined that the use of the word "fines" connotes punishment, *Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989), and that since forfeitures authorized by 21 U.S.C. § 881 are punishment for drug crimes, they are subject to the Eight Amendment restriction on excessive fines, *Austin v. United States*, 509 U.S. 602, 622 (1993). *United States v. Bajakajian*, 524 U.S. 321, 327-28 (1998). The United States concedes that the forfeiture sought in this case is subject to Eighth Amendment limitations.

To satisfy the Eighth Amendment, a fine must be proportional to the wrong committed, that is, it "must bear some relationship to the gravity of the offense that it is designed to punish." *Bajakajian*, 524 U.S. at 334. A fine is excessive "if it is grossly disproportional to the gravity of a defendant's offense." *Id.* In determining whether a fine is grossly disproportionate, the Court may consider, in addition to the gravity of the crime, the possible sentence of fine and imprisonment for the offense, *id.* at 338, and the harm caused, *id.* at 339. *See Towers v. City of Chicago*, 173 F.3d 619, 624-25 (7th Cir. 1999).

The "grossly disproportionate" standard was codified at 18 U.S.C. § 983(g):

**Proportionality. –**

(1) The claimant under subsection (a)(4) may petition the court to determine whether the forfeiture was constitutionally excessive.

(2) In making this determination, the court shall compare the forfeiture to the gravity of the offense giving rise to the forfeiture.

(3) The claimant shall have the burden of establishing that the forfeiture is grossly disproportional by a preponderance of the evidence at a hearing conducted by the court without a jury.

(4) If the court finds that the forfeiture is grossly disproportional to the offense it shall reduce or eliminate the forfeiture as necessary to avoid a violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution.

The Court construes Grasher's response to the motion for summary judgment as a petition pursuant to 18 U.S.C. § 983(g)(1) for a determination whether the forfeiture is constitutionally excessive. Thus, 18 U.S.C. § 983(g)(3) seems to require the Court to hold a hearing. However, nothing Grasher alleges in her petition would, if true, justify reducing or eliminating the forfeiture sought by the United States in this case. Grasher points to her own undisputed lack of culpability to justify eliminating the forfeiture as grossly disproportionate. However, since she must pursue this argument as the administrator of Patrich's estate and not in her individual capacity, it is Patrich's conduct that is relevant to the Eighth Amendment analysis, not hers. There is no evidence – or even allegation – that Patrich did not participate in illegal drug activity on the property, and no argument that the forfeiture sought would be disproportionate to his conduct. His drug activities were serious and contributed to the widespread drug problem that has plagued this country for decades. The amounts of illegal marihuana found at the grow site he was tending – 59 mature plants and ten pounds of processed marihuana – would have subjected him to a statutory sentencing range of up to 20 years and a fine of up to $1 million had he lived to be tried and convicted of the crime. *See* 21 U.S.C. § 841(b)(1)(C). A forfeiture of property worth approximately $144,000 is not grossly

disproportionate to Patrich's conduct in light of the potential punishment – including a fine of up to $1 million – a federal court could have imposed upon him had he been convicted.

Because there is no genuine issue of fact regarding Patrich's illegal conduct and because, as a matter of law, forfeiture of property worth $144,000 on which the grow operation was conducted is not grossly disproportionate to Patrich's illegal conduct, the Court need not hold a hearing and will hold, as a matter of law, that the forfeiture does not violate the Eighth Amendment.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion for summary judgment filed by the United States (Doc. 11) and **REJECTS** the claim of Marsha Grasher, individually and as administrator of the estate of William Andy Patrich. The Court further **DIRECTS** the United States to prepare a final judgment and decree of forfeiture and submit it to the Court on or before July 17, 2009.

**IT IS SO ORDERED.**
**DATES: July 7, 2009**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **United States District Court Judge**