IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| PLAINTIFF, | : |
| | : |
| v. | : NO. 08-cv-700-JPG |
| | : |
| REAL PROPERTY LOCATED AT | : |
| 265 FALCON ROAD, CARBONDALE, | : |
| WILLIAMSON COUNTY, | : |
| ILLINOIS, AND ALL ATTACHMENTS, | : |
| IMPROVEMENTS, AND | : |
| APPURTENANCES THERETO, | : |
| | : |
| DEFENDANT. | : |

**MEMORANDUM AND ORDER**

This matter comes before the Court on claimant Marsha Grasher's motion for reconsideration and to suppress evidence (Doc. 23) of the Court's July 7, 2009, order (Doc. 19) rejecting her claim to real property located at 265 Falcon Road, Carbondale, Illinois. The United States has responded to Grasher's motion (Doc. 24).

**I.     Background**

The Court's July 7, 2009, order granted the United States' motion for summary judgment in this civil forfeiture action under 21 U.S.C. § 881(a)(7) seeking forfeiture of real property used to commit a federal drug crime. The Court found that Grasher, in her individual capacity as well as in her capacity as the administrator of her brother William A. Patrich's estate, did not qualify as an innocent owner of real property that once belonged to Patrich and that forfeiture of the real property did not violate the Eighth Amendment's prohibition on excessive fines. In so ruling, the Court made the following findings. Law enforcement officers had observed Patrich actively tending and harvesting a marihuana patch on the real property in issue. Based on those

activities, law enforcement officers obtained a search warrant. During the execution of the warrant, a gun fight broke out, and law enforcement officers shot and killed Patrich. A subsequent search of the property revealed approximately 59 mature marihuana plants growing near Patrich's residence and approximately ten pounds of processed marihuana located in a semi-trailer on the property about 30 feet from the house. The inside of the semi-trailer was modified especially for growing, drying, and packaging marihuana.

In Grasher's pending motion, she asks the Court to reconsider its ruling and to suppress items seized in the search and the fruits thereof on the basis that the execution of the search warrant was unreasonable and therefore violated the Fourth Amendment. She bases her request on internal investigation reports from the Illinois State Police she received after the Court's July 7, 2009, order. Specifically, she argues the execution of the warrant was unreasonable because it was executed shortly after daybreak by numerous heavily armed law enforcement officers dressed in military-style protective gear without a written operational plan. She also alleges the search was conducted without adequate announcement of law enforcement presence and included shooting with non-lethal force Patrich's dog that was chained at a distance from the house and driveway. She also believes the execution of the warrant was unreasonable because law enforcement officers shot at Patrich numerous times without proper warning.

The government argues that the Court should not reconsider its ruling because Grasher was not diligent in discovering the material on which she rests her argument and the new material would not produce a different result in the Court's prior analysis. It further questions the applicability of the exclusionary rule to civil forfeiture proceedings and argues the execution of the warrant was reasonable.

Neither party presents evidentiary material in support of their versions of the shoot-out.

**II.     Analysis**

Grasher seeks reconsideration of an interlocutory order. "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous interlocutory ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case doctrine is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir.), *cert. denied*, 129 S. Ct. 588 (2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007), *cert. denied*, 552 U.S. 1101 (2008).

Grasher has presented no compelling argument for revisiting the law of this case. She argues she now has newly discovered evidence – internal investigation reports that reveal the circumstances surrounding the execution of the warrant to search Patrich's property – that were unavailable to her when she was responding to the United States' summary judgment motion. However, as the United States points out, the supposedly "new" information was not, in fact,

new. Grasher could have obtained it through discovery in this case, which she apparently did not do. Furthermore, if Grasher felt the information was essential to her response to the summary judgment motion, she could have moved the Court under Federal Rule of Civil Procedure 56(f) to deny the motion or to delay its ruling on the motion until she received the information necessary for her to present an adequate response. Again, she did not do so. The Court will not allow her now to present arguments or evidence she should have presented in her original response to the United States' summary judgment motion. In the absence of a compelling reason to revisit the Court's prior ruling, the Court declines to do so.

Even if Grasher's "new" evidence justified reopening the summary judgment motion, it would not justify a different result. Assuming (1) the exclusionary rule applies in civil forfeiture cases, *see One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 702 (1965)[1], (2) the execution of the warrant was unreasonable under the Fourth Amendment, and (3) the items discovered and seized solely as a consequence of the execution of the warrant are excluded from consideration in this case, the Court would not change its ruling. At the time of the execution of the warrant, law enforcement had already observed Patrich tending and harvesting a substantial marihuana patch on the real property sought to be forfeited. That observation did not violate the Fourth Amendment since the marihuana was in plain view of an officer where he was lawfully permitted to be. That observation also provided probable cause for the search, seizure and forfeiture and was sufficient to establish, for the reasons set forth in the Court's July 7, 2009, order that Grasher could not have been an innocent owner either in her individual capacity or her

---

[1]This has been called into question, *see United States v. Marrocco*, 578 F.3d 627, 642 (7th Cir. 2009) (Easterbrook, C.J., concurring) (citing *INS v. Lopez-Mendoza*, 468 U.S. 1032 (1984); *United States v. Janis*, 428 U.S. 433 (1976)).

capacity as administrator of Patrich's estate such that the real property would be part of the estate under the state probate court's jurisdiction. *See, e.g., United States v. 47 W. 644 Route 38, Maple Park, Ill.*, 962 F. Supp. 1081, 1088 (N.D. Ill. 1997) (holding evidence gained independently in aerial flyover not subject to suppression because of subsequent illegal search).

The exclusion of the items seized and their fruits would also not have rendered the forfeiture of real property worth $144,000 an excessive fine. Grasher does not contend that Patrich did not participate in illegal marihuana activity on the property. His involvement with the manufacture and distribution of the plants in the marihuana patch alone – the activity occurring in plain view of law enforcement – even if fewer than fifty plants were involved, would have subjected him to a statutory sentencing range of up to five years and a fine of up to $250,000 had he lived to be tried and convicted of the crime. *See* 21 U.S.C. § 841(b)(1)(D). A forfeiture of property worth approximately $144,000 is not grossly disproportionate to Patrich's conduct in light of the potential punishment a federal court could have imposed upon him had he been convicted.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Grasher's motion for reconsideration and to suppress evidence (Doc. 23).

**IT IS SO ORDERED.**
**DATED:  January 4, 2010**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **United States District Court Judge**