IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | NO. 08-cv-700-JPG |
| | : | |
| REAL PROPERTY LOCATED AT | : | |
| 265 FALCON ROAD, CARBONDALE, | : | |
| WILLIAMSON COUNTY, | : | |
| ILLINOIS, AND ALL ATTACHMENTS, | : | |
| IMPROVEMENTS,   AND | : | |
| APPURTENANCES THERETO, | : | |
| | : | |
| DEFENDANT. | : | |

## **JUDGMENT AND DECREE FOR FORFEITURE**

On the 3rd day of October, 2008, a Verified Complaint for Forfeiture against the defendant, more further described as:

> **Real property located at 265 Falcon Road, Carbondale, Williamson County, Illinois, and all attachments, improvements, and appurtenances thereto, more particularly described as follows:**
>
> **All that part of the West half of the Southwest Quarter of the Northwest Quarter of Section 31, Township 9 South, Range 1 East of the Third Principal Meridian, lying South of the public road, containing 22.77 acres, more or less, situated in the County of Williamson and State of Illinois.**

was filed on behalf of the plaintiff, United States of America.  The Complaint alleges that said real property constitutes real property which was used or intended to be used, in any matter or part, to commit, or to facilitate the commission of, a violation of Subchapter 1 of Title 21 of the United States Code.

Notice of Civil Judicial Forfeiture has been duly published in the Southern Illinoisan newspaper on January 16, 2009, January 23, 2009, and January 30, 2009, as evidenced by the Certificate of Publication filed with this court on February 12, 2009 [Doc. No.9], and a claim was

filed by Marsha Grasher individually and on behalf of the estate of William A. Patrich on February 11, 2009.  No other interested party has filed a claim or answer to the Notice, although more than 30 days have elapsed since the date of the last publication.

Process was fully issued in this action and returned according to law.

All interested parties, other than Marsha Grasher and the Estate of William A. Patrich, are defaulted for failure to file a claim or answer within the time permitted by Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

On July 7, 2009 [Doc. 19] this Court entered an Order granting summary judgment for the Plaintiff and against Marsha Grasher individually and on behalf of the Estate of William A. Patrich. The Court, on January 4, 2010 [Doc. 25], denied a motion to reconsider this Order.  For the reasons stated within the Orders of July 7, 2009 and January 4, 2010, Marsha Grasher and the Estate of William A. Patrich have no right, title, or interest in said real estate.

Now, therefore, on motion of the plaintiff, United States of America, for a Judgment and Decree of Forfeiture, the property, more further described as:

> **Real property located at 265 Falcon Road, Carbondale, Williamson County, Illinois, and all attachments, improvements, and appurtenances thereto, more particularly described as follows:**
>
> **All that part of the West half of the Southwest Quarter of the Northwest Quarter of Section 31, Township 9 South, Range 1 East of the Third Principal Meridian, lying South of the public road, containing 22.77 acres, more or less, situated in the County of Williamson and State of Illinois**

is hereby ordered forfeited to the United States of America and no right, title or interest in the property shall exist in any other person or entity.  The defendant property shall be disposed of according to law by the United States Marshal.

The Court finds that under the "relation-back" doctrine codified in 21 U.S.C. Sec. 881(h),

all right, title, and interest in the subject matter property vested in the United States upon the commission of the act giving rise to forfeiture and that in the instant case, said date that the property vested in the United States was no later than September 17, 2008, when law enforcement observed that it was being used for a marihuana grow operation. The Court finds that said property is therefore exempt from any real estate taxation from said date of September 17, 2008 until such date that the property is transferred from the United States to an owner who is not exempt from taxation. The United States shall pay any taxes or tax liens accruing prior to September 17, 2008 and may, at its discretion but not as a requirement of law or of this Court, voluntarily pay, as if the property were not exempt, any taxes or tax liens accruing after September 17, 2008, but prior to the date of this Judgment and Decree for Forfeiture. For any taxes or tax liens paid by the United States, said payments shall be considered part of the costs and expenses associated with the forfeiture and sale of the subject matter real estate and shall be reimbursed from the proceeds of the sale prior to the distribution of the proceeds of the sale. This Court retains jurisdiction to determine any and all issues regarding any real estate taxes imposed on the property prior to the date of this instant order, and no tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall take any steps to collect said taxes or enforce said tax liens, except as specifically authorized by an Order issued by this District Court after prior notice to the United States and a hearing. This Court specifically orders that no such tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall commence state court tax deed proceedings and notices unless specifically authorized by this District Court after prior notice to the United States and a hearing. The United States shall record this instant Order as a means of providing notice of this prohibition and shall mail a copy to the State's Attorney of Williamson County, Illinois, as the attorney for the taxing authorities.

The United States Marshal may immediately take custody of the subject-matter premises. Should there be any persons occupying the premises, the United States Marshal may forcibly remove them from the premises. Should there be any personal property on the premises, the United States Marshal shall give Marsha Grasher, as administrator of the Estate of William A. Patrich, thirty days after the date of entry of this Order to remove said personal property from the premises. Any personal property remaining on the premises after said thirty days shall be considered abandoned and may be disposed of by the United States Marshal by any means he deems appropriate and without any obligation to pay compensation or damages for same.

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of the plaintiff, United States of America, and against the defendant as described above.


**DATE:  February 16, 2010**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**